IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Loria H. Thomas, | ) | C/A No. 3:11-32-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| UCI Medical Affiliates, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Loria H. Thomas ("Thomas"), a self-represented litigant, filed this employment discrimination action against her former employer, UCI Medical Affiliates, Inc. ("UCI"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 19.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Thomas of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendant's motion. (ECF No. 21.) Thomas filed a response in opposition (ECF No. 29) and the defendant filed a reply (ECF No. 31). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted unless Thomas seeks to file an amended complaint that states a plausible claim for relief.

**BACKGROUND**

This matter arises out of Thomas's employment with UCI from December 2007 through August 2009. Liberally construed, Thomas's Complaint appears to assert claims of discrimination

based upon disability and retaliation.[1] Thomas essentially asserts that she was terminated after she took leave to attend medical appointments because she was experiencing back pain. She does not contend that she was denied leave to attend these appointments; rather, she asserts that her supervisor, Sharon Jones, requested that Thomas obtain a doctor's excuse to document her absence and complained that Thomas took leave on a day when Jones was scheduled to be on leave. The Complaint also contains an allegation that Thomas asked Jones to have two male employees move some storage boxes for her, but her request was ignored. Additionally, she complains that while she was out for her medical appointment, Jones "went through [her] desk." (ECF No. 1 at 6.) Thomas further asserts that when she returned to work, she received "a freezing cold shoulder" from her co-workers. (ECF No. 1 at 6-7.) A few days later, Thomas was terminated for having "stale dated mail on [her] desk that had not been researched." (ECF No. 1 at 7.) The Complaint suggests that the outdated mail was discovered when Jones went through Thomas's desk. Finally, Thomas alleges that she was fired in retaliation for taking a day of leave to attend her medical appointment. Thomas asserts that a co-worker with a disability—Attention Deficit Disorder—has been permitted to violate numerous company policies but has not been discharged.

**DISCUSSION**

**A.     Rule 12(b) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. <u>Edwards v. City of</u>

---

[1] As an initial matter, although Thomas filed an administrative charge with the EEOC alleging discrimination based upon her race, age, and disability, the Complaint in the instant case contains no allegations regarding race or age. Rather, Thomas appears to have proceeded only with claims based on disability and retaliation. (<u>See</u> Def.'s Mem. Supp. Mot. Dismiss at 2 n.2, ECF No. 19-1 at 2.)



Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d

1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Thomas's Claims as Asserted in Her Complaint**

The facts asserted in the Complaint fail to state a plausible claim against UCI. First, her factual allegations, even taken as true, do not support a claim under the Americans with Disabilities Act ("ADA"). The ADA prohibits employment discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).[2] To establish a *prima facie* case of employment discrimination based upon a disability, a plaintiff must show: (1) that she was a qualified individual with a disability; (2) that she was discharged; (3) that she was fulfilling her employer's legitimate expectations at the time of discharge; and (4) that the circumstances of her discharge raise a

---

[2] The only allegations in Thomas's Complaint that may relate to any alleged violations of the ADA postdate the effective date of the 2008 amendments to the ADA, January 1, 2009; thus, the current version of the statute applies. Accordingly, all references to the ADA statutes in this Report and Recommendation are to the statutes as amended.



reasonable inference of unlawful discrimination.[3]  See Rohan v. Networks Presentations LLC, 375 F.3d 266, 272 n.9 (4th Cir. 2004); Haulbrook v. Michelin N. Am., 252 F.3d 696 (4th Cir. 2001).

A "disability" includes:

(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
(B) a record of such an impairment; or
(C) being regarded as having such an impairment.

42 U.S.C. § 12102(1).  Although Thomas's Complaint reveals that she suffers from back pain, nothing in her allegations indicates that her back problems substantially limit one or more major life activities or that she otherwise meets the statutory definition of "disabled."

Nor does she allege that she was discharged because of any disability.  Rather, her allegations are that she was terminated after taking an entire day's leave to attend a medical appointment.  To the extent that Thomas attempts to assert a claim under the Family Medical Leave Act ("FMLA"), she fails to state a plausible claim.  The FMLA makes it unlawful for an employer "to interfere with,

---

[3] The Fourth Circuit has used at least two other tests to determine whether a plaintiff has established a *prima facie* case under the ADA.  See, e.g., Rhoads v. F.D.I.C., 257 F.3d 373, 387 n.11 (4th Cir. 2001) ("In a failure to accommodate case, a plaintiff establishes a prima facie case by showing '(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations.' ") (quoting Mitchell v. Washingtonville Ctr. Sch. Dist., 190 F.3d 1, 6 (2d Cir. 1999)); Halperin v. Abacus Tech. Corp., 128 F.3d 191, 197 (4th Cir. 1997) ("[T]o establish a prima facie case under the ADA, Halperin must prove that (1) he has a disability; (2) he is otherwise qualified for the job in question; and (3) he was discharged solely because of his disability."). Notably, after Halperin, the Fourth Circuit in Rhoads distinguished between wrongful discharge and failure to accommodate claims arising under the ADA and recognized slightly different *prima facie* tests for each.  Even if Thomas is alleging both, the test set forth above appears to account for both types of claims.  See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995) (observing that the *prima facie* case may vary depending upon the factual situation and the claim alleged) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 n.13 (1973)).  In any event, the court observes that whichever of the three tests employed by the Fourth Circuit in ADA cases is applied here, the plaintiff has not pled facts supporting all of the required elements.



restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1). Further, during any twelve-month period, an employee is entitled to a total of twelve workweeks of leave in certain situations, including a serious health condition that makes the employee unable to perform her job. 29 U.S.C. § 2612(a)(1)(D). Here, the face of the Complaint demonstrates that Thomas was not denied leave for a serious health condition; moreover, her allegations cannot support a claim of FMLA discrimination or retaliation, as she does not allege that she took or attempted to take FMLA leave.

Her allegations of retaliation also fail to state a plausible claim. To establish a *prima facie* case of retaliation, a plaintiff must show: (1) she engaged in a protected activity; (2) her employer acted adversely against her; and (3) her protected activity was causally connected to her employer's adverse action. Rhoads v. Fed. Deposit Ins. Corp., 257 F.3d 373, 392 (4th Cir. 2001) (ADA). "Protected activity" under the statute falls into one of two categories: opposition or participation. Crawford v. Metro. Gov't of Nashville & Davidson County, 129 S. Ct. 846, 850 (2009). "Oppose" means "to resist or antagonize . . .; to contend against; to confront; resist; withstand." Id. (quoting Webster's New International Dictionary 1710 (2d ed. 1958)). An employee need not instigate or initiate a complaint to be covered by the opposition clause. Id. at 851. To establish that she engaged in protected opposition activity, a plaintiff must show that she opposed an unlawful employment practice which she reasonably believed had occurred or was occurring. See Peters v. Jenney, 327 F.3d 307, 320 (4th Cir. 2003). Participation, which receives broader protection than opposition conduct, includes: "(1) making a charge; (2) testifying; (3) assisting; or (4) participating in any manner in an investigation, proceeding, or hearing" under federal employment discrimination laws. See Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 259 (4th Cir. 1998) (Title VII).

Here, Thomas complains that she was retaliated against for taking leave to attend a medical appointment. The Complaint contains no allegations indicating that she engaged in any activity protected by a federal employment statute prior to her termination. See, e.g., Hindman v. Greenville Hosp. Sys., 947 F. Supp. 215, 224 (D.S.C. 1996) (stating that the requisite causal connection can be shown only if the protected activity preceded the alleged retaliatory conduct).

## RECOMMENDATION

Thomas's allegations fail to state a plausible claim for discrimination based upon a disability, retaliation, or violation of the FMLA. Accordingly, as pled, the Complaint should be dismissed. Therefore, the court recommends that UCI's motion to dismiss (ECF No. 19) be granted, unless Thomas files, within the time period prescribed for filing objections to this Report, a motion to amend her Complaint that is properly supported with a proposed amended complaint stating a plausible claim for relief against UCI.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 31, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).